NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TANMAY KAR; PROFITPAY
TECHNOLOGIES, INC.,

No. 23-3578

Plaintiffs - Appellants,

D.C. No.
4:23-cv-02064-YGR

v.

MEMORANDUM*

VIMAL PATEL; DEVESH
PATEL; ALINOR HOLDINGS, INC.,
doing business as Onriva; JAYESH
PATEL; VAJID JAFRI,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 16, 2024**
San Francisco, California

Before: OWENS, SUNG, and SANCHEZ, Circuit Judges.

Appellants Tanmay Kar and ProfitPay Technologies, Inc. appear from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing their securities fraud action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. After the district court had dismissed Appellants' First Amended Complaint for lack of diversity jurisdiction, Appellants filed a Second Amended Complaint ("SAC"), alleging an additional claim for securities and investment fraud in violation of Section 10(b) of the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78j(b).[1] Defendants-Appellees moved to dismiss the SAC under Rule 12(b)(6) on the basis that, among other things, Appellants failed to allege any security purchase in connection with their securities fraud claim and therefore lacked statutory standing. The district court dismissed the SAC on multiple grounds, including for lack of statutory standing. The court highlighted Appellants' failure to address statutory standing in their opposition to the motion to dismiss. On appeal to this court, Appellants did not address statutory standing in their opening brief, thus waiving any challenge to this dispositive portion of the district court's order. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

---

[1] Appellants' sole basis for federal jurisdiction is the alleged violation of a federal statute. *See* 28 U.S.C. § 1331.

2.  Even if we do not deem the challenge waived, the SAC is devoid of any allegations that establish Appellants' statutory standing to assert a securities fraud claim.  Neither Kar nor ProfitPay alleges that they purchased or sold any security, much less one in reliance of a misrepresentation from one of the Defendants.  *In re: CCIV / Lucid Motors Secs. Litig.*, 110 F.4th 1181, 1186 (9th Cir. 2024) (holding that to have Section 10(b) standing, a plaintiff must have "purchased or sold the securities about which the alleged misrepresentations were made").

3.  The district court did not abuse its discretion in denying leave to amend the complaint because Appellants have not explained how further amendment could cure their statutory standing problem.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper where "amendment would be futile").

**AFFIRMED.**